**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-6966**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ALBERT EUGENE HARDY, JR.,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:07-cr-00010-MR-1)

_____

Argued:  October 7, 2015        Decided:  February 8, 2016

_____

Before TRAXLER, Chief Judge, and KING and THACKER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.  Chief Judge Traxler wrote a dissenting opinion.

_____

**ARGUED:** Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:** Ross Hall Richardson, Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Eugene Hardy, Jr., appeals from the June 2015 order entered in the Western District of North Carolina, granting him a sentence reduction from 168 to 140 months under 18 U.S.C. § 3582(c)(2). Hardy contends that the district court erred in failing to recognize that it could have reduced his sentence to as low as 98 months. The government counters that the court simply declined to award Hardy a larger reduction. As explained below, the record does not reveal that the court appreciated the scope of its authority, and it also shows that the court committed legal error. We therefore vacate and remand.

I.

On May 3, 2007, Hardy pleaded guilty to conspiracy to possess with intent to distribute cocaine base, in contravention of 21 U.S.C. § 846. Prior to the guilty plea, the United States Attorney filed a notice, pursuant to 21 U.S.C. § 851, advising that the government would utilize Hardy's prior North Carolina drug conviction to seek a 240-month mandatory minimum sentence, pursuant to 21 U.S.C. § 841(b)(1)(A).

The probation officer thereafter prepared the presentence report and recommended that Hardy be sentenced to 240 months. The PSR reached its mandatory minimum recommendation by starting with a base offense level of 32, predicated on a drug weight of

approximately 370 grams of cocaine base.  The offense level was then adjusted two levels upward for reckless endangerment, less three levels for acceptance of responsibility, resulting in a final offense level of 31.  Based on the final offense level and Hardy's criminal history category of V, the Sentencing Guidelines advised a sentencing range of 168 to 210 months.  The § 851 notice, however, triggered the mandatory minimum, making his Guidelines sentence 240 months.  See USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").[1]

Prior to the January 30, 2008 sentencing hearing, the government filed a motion for a downward departure, pursuant to 18 U.S.C. § 3553(e), recognizing therein that Hardy had provided substantial assistance to the authorities.[2]  The district court

---

[1] The PSR relied on the 2007 edition of the Sentencing Guidelines.  We otherwise refer to the 2014 edition, the Guidelines edition applicable to Hardy's 18 U.S.C. § 3582(c)(2) motion.

[2] Pursuant to § 3553(e), a prosecutor's downward-departure motion rewards a cooperating defendant by conferring upon the sentencing court "the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  The sentence must then be imposed "in accordance with the guidelines and policy statements issued by the Sentencing Commission."  Id.; see USSG § 5K1.1.

4

granted the government's substantial-assistance motion and imposed a sentence of 168 months. The sentence thus fell at the low end of the otherwise applicable Guidelines range of 168 to 210 months, and it equaled 70% of the 240-month mandatory minimum.

Seven years later, on April 23, 2015, Hardy filed his motion in the district court under 18 U.S.C. § 3582(c)(2), seeking a sentence reduction under Amendment 750 to the Guidelines. In response, the probation officer filed a memorandum with the court on April 27, 2015, advising that Hardy was ineligible for relief under Amendment 750.[3] The probation officer further advised the court, however, that Hardy was eligible for a sentence reduction under Amendment 782.[4] More specifically, the probation officer stated that Hardy's original sentence of 168 months was equal to 70% of the 240-month statutory minimum. The probation officer then calculated Hardy's revised Guidelines range as 140 to 175 months. Finally,

[3] Amendment 750 (effective November 1, 2011) altered the weight ranges for cocaine base offenses in the Guidelines, but not enough to impact Hardy's base offense level. On appeal, Hardy does not challenge the court's denial of relief under Amendment 750.

[4] Like Amendment 750, Amendment 782 (effective November 1, 2014) changed the applicable weight ranges for cocaine base offenses in the Guidelines. Unlike Amendment 750, however, Amendment 782 had the effect of lowering Hardy's base offense level.

5

pursuant to the applicable Guidelines policy statement, the probation officer recommended a comparable reduction to 98 months. See USSG § 1B1.10(b)(2)(B). The recommended 98 months was 70% of 140 months, or 70% of the low end of Hardy's revised Guidelines range. See id. § 1B1.10(c) cmt. n.4(B).

On June 1, 2015, the government agreed that Hardy was eligible for a sentence reduction under Amendment 782, and also acknowledged that the district court could lower his sentence to the 98 months recommended by the probation officer. Moreover, the government expressly consented to such a reduction. Hardy responded the very next day, requesting that the court award him the unopposed sentence reduction to 98 months.

By its one-page order (AO Form 247) of June 17, 2015, the district court granted Hardy's § 3582(c)(2) motion in part, reducing his sentence to 140, rather than 98 months. See United States v. Hardy, No. 1:07-cr-00010 (W.D.N.C. June 17, 2015), ECF No. 72 (the "Order"). In so ruling, the court explained that Hardy's "Original Guideline Range" was 240 months, and that his "Amended Guideline Range" was also 240 months. From the list of checkbox options contained in the Order, the court selected the option specifying that the reduced sentence was based on Amendment 782. The court left blank an option that reads, "The reduced sentence is within the amended guideline range." It also did not mark another option that reads, "The previous term

6

of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing and the reduced sentence is comparably less than the amended guideline range." Finally, the court checked the box designated "Other," and explained:

> Defendant's [original] sentence was enhanced pursuant to a § 851 notice. His cooperation was recognized b[y] allowing him a reduction to a sentence at the low end of the Guideline Range without consideration of the § 851 notice. Defendant's reduced sentence herein is likewise at the low end of the revised Guideline Range after Amendment 782, without consideration of the § 851 notice.

Hardy has filed a timely notice of appeal of the district court's sentence reduction decision. We possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Absent an abuse of discretion, we will not disturb a district court's sentence reduction decision under 18 U.S.C. § 3582(c)(2). See United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013). A district court abuses its discretion when it commits an error of law. See United States v. Rybicki, 96 F.3d 754, 757 (4th Cir. 1996). An error of law may include a district court's misapprehension of "the scope of its legal authority under § 3582(c)(2)," an issue that we review de novo. See Mann, 709 F.3d at 304.

7

Hardy contends that the district court erred in failing to recognize its authority under the Sentencing Commission's policy statement and in "calculating the extent of a 'comparably less' reduction" below his amended Guidelines range. See Br. of Appellant 8. Put succinctly, Hardy maintains that the court failed to appreciate that it was authorized to reduce his sentence to 98 months (70% of the low end of his amended Guidelines range). The United States Attorney agrees that the court was authorized to reduce Hardy's sentence to 98 months. The prosecution contends, however, that the court was aware of that authority and instead "explicitly declined to impose the shortest prison sentence it could." See Br. of Appellee 14. Hardy's sentence reduction from 168 to 140 months, according to the government, was neither erroneous nor an abuse of discretion.

The Supreme Court's decision in Dillon v. United States explained the "two-step approach" that a district court must undertake when resolving a § 3582(c)(2) motion. See 560 U.S. 817, 827 (2010). First, "the court [must] follow the [Sentencing] Commission's instructions" in the policy statement spelled out in Guidelines section 1B1.10 "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. (emphasis added).

Second, the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id.

Consistent with Dillon, the district court initially determined that Hardy was eligible for a sentence reduction under Amendment 782. The court failed, however, to specify the extent of the permissible reduction authorized by the Commission's policy statement in Guidelines section 1B1.10(b)(2)(B). That policy statement authorizes a "[sentence] reduction comparably less than the amended guideline range" when the defendant was originally sentenced below a mandatory minimum based on his substantial assistance to the authorities. See id. (emphasis added). Because Hardy was originally sentenced to 168 months (70% of 240 months), a "comparably less" sentence under Amendment 782 would be 98 months, or 70% of the low end of his amended Guidelines range. See id. § 1B1.10(c) cmt. n.4(B) (providing for percentage reduction from low end of amended Guidelines range). Put simply, the court did not complete Dillon's first step. The court's failure to identify the permissible reduction to 98 months strongly suggests that it did not appreciate the scope of its authority. See United States v. Smalls, 720 F.3d 193, 196 (4th Cir. 2013) (observing that

9

"contrary indication[s]" may "rebut the . . . presumption that the district court considered all relevant factors in ruling on [a] § 3582(c)(2) motion").

In pressing the contrary assertion — that the district court fully understood the scope of its authority — the government emphasizes two aspects of the form Order. First, it points to the court's explanation — accompanying the "Other" box — that Hardy's reduced sentence was "likewise at the low end of the revised Guideline Range after Amendment 782." Second, the government contends that the court must have recognized its authority to impose a lesser sentence because it failed to check the box indicating that it was granting a "comparably less" reduction.

There are other aspects of the Order, however, that serve to undermine the government's contention. Most importantly, the Order contains an error of law: it states that Hardy's "Original Guideline Range" and "Amended Guideline Range" are both "240 months" (the mandatory statutory minimum). That statement runs contrary to the Guidelines' explicit directive that "the amended guideline range shall be determined without regard to" the 240-month mandatory minimum. See USSG § 1B1.10(c); see also United States v. Williams, No. 15-7114, ___ F.3d ___, slip op. at 23 (4th Cir. Dec. 14, 2015) ("Although Guidelines section 5G1.1(b) would otherwise turn the 240-month

10

mandatory minimum into Williams's revised 'guideline sentence,' the revisions made to Guidelines section 1B1.10 by Amendment 780 bar the sentencing court from calculating his amended range in that manner."). In this case, Hardy's amended Guidelines range was not 240 months, as the district court stated in the Order, but was 140 to 175 months, as determined by the probation officer.[5]

In these circumstances, we are not persuaded that the district court appreciated the scope of its authority under § 3582(c)(2). Furthermore, the court committed legal error in ruling on Hardy's sentence reduction motion. We are therefore constrained to vacate the Order and remand.

IV.

Pursuant to the foregoing, we vacate the judgment and remand for such other and further proceedings as may be appropriate.

VACATED AND REMANDED

---

[5] Prior to the issuance of our Williams decision a few weeks ago, there would have been a viable contention that the 240-month mandatory minimum was the correct amended Guidelines range for a prisoner in Hardy's position. In Williams, however, we squarely rejected that proposition.

11

TRAXLER, Chief Judge, dissenting:

When the Government and the defendant make clear to the judge that they agree as to the sentencing options available to the judge and when the judge chooses a sentence that is unquestionably within this range of lawful options, I believe we can presume the judge understood what the lawyers said and I do not believe we can fault the sentencing judge for not explaining why he rejected the other choices presented to him.

There is nothing in the record to rebut the presumption that the district court fully understood the scope of its sentencing authority when it ruled on Hardy's motion under 18 U.S.C. § 3582(c)(2). The parties' written submissions, as well as the probation officer's report, advised the court that it had the authority to reduce Hardy's sentence to 98 months or less. The district court's order reflected that the court understood the extent to which it was authorized to reduce Hardy's sentence but decided that the circumstances in this case merited less than the maximum reduction. The district court acted well within its discretion to reduce Hardy's sentence to 140 months rather than 98 months. Accordingly, I respectfully dissent.

Where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a district court "may reduce the term of imprisonment" after considering the

12

§ 3553(a) factors and the applicable policy statements from the Sentencing Commission. See 18 U.S.C. § 3582(c)(2) (emphasis added). "[T]he decision about whether to reduce a sentence is discretionary on the part of the district court. The court is not required to reduce a defendant's sentence, even where the current sentence is above the amended guidelines range." United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). This court therefore reviews a district court's decision to grant or deny a sentence reduction under § 3582(c)(2) for abuse of discretion. See United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013). A court's failure to understand the scope of its authority to reduce a sentence under § 3582(c)(2) amounts to an abuse of discretion. See United States v. Bernard, 708 F.3d 583, 597 (4th Cir. 2013).

Although the district court granted Hardy's motion and reduced his sentence from 168 months to 140 months, Hardy argues that the district court failed to understand that it could reduce his sentence even further to 98 months. To properly consider Hardy's position, the correct place to start is with the presumption that the district judge correctly understood his sentencing authority and properly considered the § 3553(c) factors and applicable policy statements as required by § 3582(c)(2). See Smalls, 720 F.3d at 195-96. "[A]bsent a contrary indication, we presume a district court deciding a

13

§ 3582(c)(2) motion has considered the 18 U.S.C. § 3553(a) factors and other pertinent matters before it." Id. (internal quotation marks omitted). There is nothing in the record that, in my view, overcomes the presumption that the district court properly understood and considered the extent of his authority to reduce Hardy's sentence.

Section 1B1.10(b)(1) of the Sentencing Guidelines directs the district court when considering a sentence reduction to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." The Sentencing Guidelines generally prohibit a court from reducing the defendant's term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). If, however, a defendant's original sentence was below the guideline range based on a substantial assistance departure under § 3553(e), then "a reduction comparably less than the amended guideline range . . . may be appropriate." Id. at § 1B1.10(b)(2)(B) (emphasis added).

In this case, Hardy's original sentencing range would have been 168-210 months but for the fact that he was subject to a 240-month mandatory minimum sentence. Nevertheless, in light of the mandatory minimum, Hardy's guideline sentence was 240 months. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required

14

minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Thus, U.S.S.G. § 1B1.10(b)(2)(B) applies in this case. Hardy's original sentence was below the guideline range "pursuant to a government motion to reflect [Hardy's] substantial assistance to authorities," meaning that the district court could, but was not required to, grant under § 3582(c)(2) "a reduction comparably less than the amended guideline range" of 140-175 months.

U.S.S.G. § 1B1.10(c) makes clear that in a case such as this one, where the defendant is subject to a statutory minimum, the amended range is determined "without regard to the operation of § 5G1.1." U.S.S.G. § 1B1.10(c). That is, the court must disregard the fact that the defendant was subject to a mandatory minimum when determining "the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The parties agree that in reducing Hardy's sentence under § 3582(c)(2), the district court, had it so desired, could have gone as low as 98 months because the original 168-month sentence was 30% below the guideline range of 240 months—the guideline range being equal to the mandatory minimum under § 5G1.1. A "comparable" 30% reduction from the bottom of the amended range

15

of 140 months would have resulted in a sentence of 98 months, assuming the district court in its discretion found such a reduction to be appropriate. This point was the subject of the memoranda submitted to the court by the parties. The district court, however, granted Hardy a downward departure under § 3553(e) and sentenced him to 168 months, the bottom of the otherwise applicable sentencing range.

There is nothing in the district court's ruling to overcome the presumption that the court understood how to properly apply U.S.S.G. § 1B1.10(b) & (c), that the amended guideline range was 140-175 months, and that it could reduce Hardy's sentence below the amended range to 98 months. The court was fully briefed by the parties and the probation officer regarding the option of reducing Hardy's sentence to 98 months. The district court's order reflected its clear understanding of the amended guideline range as determined by application of § 1B1.10(c): "Defendant's reduced sentence [of 140 months] . . . is likewise at the low end of the revised Guideline Range after Amendment 782, without consideration of the § 851 notice." J.A. 89. And, since the district court clearly understood that the 140-month sentence that it was imposing was at the bottom of the amended range, the court understood it was not imposing a "reduced sentence . . . comparably less than the amended guideline range" because it did not select that checkbox option.

16

The fact that the one-page form order does not explicitly state that "the court is aware that a 98-month sentence is permissible" does not persuade me that the district court was ignorant of this point on which it had just been briefed. "[I]n the absence of evidence a court neglected to consider relevant factors, the court does not err in failing to provide a full explanation for its § 3582(c)(2) decision." Smalls, 720 F.3d at 196. The district court chose to go to the bottom of the amended range, but not below it. There is nothing to suggest that this was not a conscious and intentional choice or that we ought to abandon the presumption that the district court was aware of and considered all of the sentencing options available to it.