**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6021

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MITCHELL SMALLS, a/k/a Gary Richardson, a/k/a Cebo, a/k/a
Kilo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief
District Judge.  (2:96-cr-00131-RBS-2)

Argued:  May 17, 2013              Decided:  June 19, 2013

Before MOTZ and GREGORY, Circuit Judges, and Ellen L. HOLLANDER,
United States District Judge for the District of Maryland,
sitting by designation.

Affirmed by published opinion.  Judge Motz wrote the opinion, in
which Judge Gregory and Judge Hollander joined.

**ARGUED:** Dylan W. Greenwood, WAKE FOREST UNIVERSITY SCHOOL OF
LAW, Winston-Salem, North Carolina, for Appellant.  Richard
Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond,
Virginia, for Appellee.  **ON BRIEF:** John J. Korzen, Director,
John W. Forneris, Third-Year Student, WAKE FOREST UNIVERSITY
SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant.

Neil H. MacBride, United States Attorney, Alexandria, Virginia, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

Mitchell Smalls appeals from the district court's order granting, only in part, his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). He contends the court erred in failing to provide an individualized explanation in support of its chosen sentence. For the reasons that follow, we affirm.

I.

In September 1996, a jury found Smalls guilty of conspiracy to import cocaine. At sentencing, the district court held Smalls accountable for quantities of cocaine base and powder cocaine, producing a guideline range of imprisonment for 360 months to life. The court sentenced Smalls to life in prison.

In February 2008, Smalls filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He based this motion on the 2007 crack cocaine amendments to the Sentencing Guidelines, which reduced his guideline range to 324 to 405 months. The district court granted the motion and reduced Smalls' sentence from life imprisonment to 405 months.

In November 2011, Smalls, pro se, filed a second 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. He based this motion on Amendment 750 to the Sentencing Guidelines, which reduced his guideline range to 262 to 327 months. In the motion, Smalls argued that the district court should not have

3

included cocaine base when calculating his drug quantities at the initial sentencing and requested a sentence of 210 months. He did not discuss or even mention any other factors that might counsel in favor of a sentence reduction in his case.

After receiving Smalls' motion, the district court ordered the Government to file a response addressing whether it opposed the motion. The court further stated that "any reply by defendant shall be filed within thirty (30) days of said response." The Government filed a timely response in which it agreed that Smalls was eligible for a sentence reduction but requested that he again receive the maximum sentence under the applicable guideline range. Two days later, without waiting for Smalls' reply, the district court considered Smalls' motion and reduced his sentence to 327 months, the maximum sentence in the amended guideline range.

In ruling on Smalls' motion, the district court used a form document. By way of explanation for the court's chosen sentence the form indicates only: "In granting this motion, the court has considered the factors set forth in 18 U.S.C. § 3553(a)." Smalls appeals, arguing that the district court erred in failing to provide an individualized explanation in support of the sentence imposed.

4

II.

A district court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Whether to reduce a sentence and to what extent is a matter within the district court's discretion. See United States v. Legree, 205 F.3d 724, 727 (4th Cir. 2000). In exercising this discretion, however, the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." See 18 U.S.C. § 3582(c)(2). The court may also consider the defendant's post-sentencing conduct. See U.S. Sentencing Guidelines Manual § 1B1.10 cmt. 1(B)(iii).

We review a district court's grant or denial of a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). But the question of whether a court ruling on a § 3582(c)(2) motion must provide an individualized explanation is one of law that we consider de novo. See Legree, 205 F.3d at 727-28.

In Legree, we held that, "absent a contrary indication," we presume a district court deciding a § 3582(c)(2) motion has considered the 18 U.S.C. § 3553(a) factors and other pertinent matters before it. Id. at 728-29 (internal quotation marks omitted); see also id. at 728 ("[A] court need not engage in

5

ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling." (internal quotation marks omitted)). Thus, Legree suggests that, in the absence of evidence a court neglected to consider relevant factors, the court does not err in failing to provide a full explanation for its § 3582(c)(2) decision.

III.

Smalls contends that in his case the district court did err. Smalls argues that (1) Legree did not hold that a court need not provide any individualized reasoning for its § 3582(c)(2) decision; (2) the facts of his case overcome the Legree presumption; and (3) Legree is no longer good law. We consider these arguments in turn.

A.

First, Smalls asserts that Legree did not address the question of whether a district court must provide some reasoning in support of its grant or denial of a § 3582(c)(2) motion, because that issue was not before the court. In fact, however, Legree addressed that exact issue.

6

Legree primarily argued that the district court erred in failing to conduct a two-part analysis of his motion on the record, first stating the sentence it would have imposed had the relevant Guidelines amendment been in place at the original sentencing and, second, addressing the § 3553(a) factors. Id. at 728. But Legree also contended that "the district court erred because it did not state on the record with sufficient specificity its reasons for denying the motion." Id. at 729 n.3. We rejected that argument even though the district court had provided no individualized explanation in support of its decision. See id. at 730-31 (Wilson, J., dissenting in part). Thus, we find Smalls' attempt to distinguish Legree unavailing.

B.

Smalls also argues that the facts of his case present a "contrary indication" sufficient to rebut the Legree presumption that the district court considered all relevant factors in ruling on his § 3582(c)(2) motion.

In concluding that Legree himself had not overcome this presumption, we found it significant that the same judge who ruled on Legree's § 3582(c)(2) motion presided over his sentencing and so was familiar with the mitigating factors set forth at that time. Id. at 729. Because Legree's § 3582(c)(2) motion failed to offer any new mitigating circumstances, we

concluded that all relevant factors were "adequately presented to," and considered by, the district judge. See id.

As in Legree, the same district judge presided over Smalls' original sentencing and his § 3582(c)(2) proceeding. Further, Smalls' § 3582(c)(2) motion, like Legree's, failed to set forth any new mitigating factors. While Smalls argued in his motion that the district court erred in its original drug quantity calculations, a § 3582(c)(2) motion does not provide an appropriate vehicle for challenging those calculations. See Dillon v. United States, 130 S. Ct. 2683, 2694 (2010) (district court ruling on § 3582(c)(2) motion properly declined to address allegations of error at original sentencing, as "§ 3582(c)(2) does not authorize a resentencing"). Thus, any error in Smalls' original sentencing would not constitute a mitigating circumstance counseling in favor of a further reduction in his sentence.

Smalls contends, however, that three critical factors distinguish his case from Legree. First, Smalls notes that fifteen years elapsed between his original sentencing and the district court's consideration of his most recent § 3582(c)(2) motion, compared to four years in Legree. Thus, Smalls suggests, a reviewing court cannot presume that the facts of his case remained fresh in the district court's mind. The lapse of such a significant amount of time might in some cases cast doubt

on such a presumption.  But in this case Smalls filed, and the same district judge addressed, several motions during the fifteen-year period, suggesting that the judge remained familiar with the facts of Smalls' case.

Second, although Smalls does not contend that his § 3582(c)(2) motion set forth any new mitigating factors, he maintains that he would have submitted evidence of his exemplary post-sentencing conduct in the reply brief the district court said he could file.  Thus, Smalls argues, the district court prevented him from fully presenting his case by deciding the § 3582(c)(2) motion before receiving his reply brief.  The fundamental problem with this contention is that new arguments cannot be raised in a reply brief.  See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004).  Thus, in failing to consider a reply brief, the district court did not fail to consider all relevant factors properly before it.

Third, Smalls suggests that his case resembles not Legree, but another case in which the defendant and the government jointly recommended a sentence reduction and the district court refused to adopt that agreed-upon reduction or explain its refusal to do so.  Even assuming such facts suffice to rebut the Legree presumption, in Smalls' case the Government never agreed to the extent of the reduction he requested.  Rather, the

9

Government requested a reduction only to the top of the amended guideline range, and the district court granted that request.

Thus, Smalls is unable to identify any factor that meaningfully distinguishes his case from Legree. Moreover, we find it significant that the district court proportionally reduced Smalls' sentence. In 1996, when originally sentencing Smalls, the court found a sentence at the top of the then-applicable guideline range appropriate based on the extent of Smalls' criminal activities and his failure to take responsibility for his actions. In response to Smalls' 2008 motion for reduction of sentence, the district court reduced Smalls' sentence to the top of the amended guideline range. The court's decision, in response to Smalls' most recent § 3582(c)(2) motion, to select a sentence at the top of the new guideline range suggests that the same considerations that motivated the court in the first instance continue to justify a top-of-guidelines sentence.

We therefore conclude that the facts of Smalls' case do not rebut the Legree presumption that the district court considered any relevant factors before it.

C.

Finally, Smalls contends Legree is no longer good law because the Supreme Court's decisions in Gall v. United States,

10

552 U.S. 38 (2007), and <u>Dillon v. United States</u> undermine its reasoning.

1.

In <u>Gall</u>, the Court clarified the obligations of a sentencing court in the wake of <u>United States v. Booker</u>, 543 U.S. 220 (2005), which held the Sentencing Guidelines advisory. The Court concluded that an out-of-guidelines sentence need not be justified by "extraordinary" circumstances, but that, whether imposing a within-guidelines sentence or not, the sentencing court must consider the 18 U.S.C. § 3553(a) factors and "make an individualized assessment based on the facts presented." <u>Gall</u>, 552 U.S. at 47, 49-50. Further, the sentencing court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." <u>Id.</u> at 50.

Though <u>Gall</u> makes clear that a sentencing court must explain its reasoning when initially sentencing a defendant, it says nothing about § 3582(c)(2) proceedings. Moreover, in indicating that sentencing courts must adequately explain their chosen sentences, the <u>Gall</u> Court relied on <u>Rita v. United States</u>, 551 U.S. 338 (2007). <u>See</u> <u>Gall</u>, 552 U.S. at 50; <u>Rita</u>, 551 U.S. at 356 ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his

11

own legal decisionmaking authority."). And in Rita, the Supreme Court rooted the requirement that a district court explain its reasoning in 18 U.S.C. § 3553(c), a provision that does not apply to § 3582(c)(2) proceedings. Rita, 551 U.S. at 356-57; see 18 U.S.C. § 3553(c) (requiring the court, "at the time of sentencing," to "state in open court the reasons for its imposition of the particular sentence" (emphasis added)); United States v. Evans, 587 F.3d 667, 672 (5th Cir. 2009) ("By its very terms, [§ 3553(c)] applies at the time of sentencing, not at the time of sentence modification.").

Dillon, which the Court issued three years after Gall, further undermines Smalls' argument that Gall extends to § 3582(c)(2) proceedings. The question in Dillon was whether Booker rendered advisory a policy statement governing § 3582(c)(2) proceedings, which provides that, except in limited circumstances, a court cannot reduce a defendant's sentence below the minimum of the amended guideline range. See U.S.S.G. § 1B1.10(b)(2). The Court held that Booker did not render the statement advisory, as § 3582(c)(2) proceedings "do not implicate the interests identified in Booker." Dillon, 130 S. Ct. at 2692; see id. at 2687 (noting that Booker "rendered the Guidelines advisory to remedy the Sixth Amendment problems associated with a mandatory sentencing regime").

12

In holding <u>Booker</u> inapplicable, the Supreme Court in <u>Dillon</u> explained that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding," and emphasized the "limited nature" of § 3582(c)(2) proceedings. <u>Id.</u> at 2690-91. Given <u>Dillon</u>'s emphasis on the distinctions between sentencings and § 3582(c)(2) proceedings, we simply cannot assume that <u>Gall</u>, which makes no mention of § 3582(c)(2) proceedings, implicitly created rules to govern them. Thus, Smalls' argument that <u>Gall</u> undermines <u>Legree</u> fails.

2.

Smalls' further contention that, independent of <u>Gall</u>, <u>Dillon</u> established a new rule requiring courts to provide individualized reasoning when deciding § 3582(c)(2) motions fares no better. <u>Dillon</u> did, as Smalls points out, note that courts deciding § 3582(c)(2) motions are to consider applicable § 3553(a) factors. <u>Id.</u> at 2692. But, contrary to Smalls' contention, <u>Dillon</u> did not create that requirement. Rather, as we recognized in <u>Legree</u>, § 3582(c)(2) itself instructs courts to consider the § 3553(a) factors. <u>See</u> 18 U.S.C. § 3582(c)(2) ("[T]he court may reduce the [defendant's] term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable."); <u>Legree</u>, 205 F.3d at 727. Because <u>Dillon</u> does not indicate that courts must consider those factors <u>on the record</u>, it is not inconsistent with <u>Legree</u>.

13

3.

Finally, we find unavailing Smalls' reliance on out-of-circuit cases. See United States v. Howard, 644 F.3d 455, 459-61 (6th Cir. 2011) (holding district court must provide some reasoning when considering a sentence modification under § 3582(c)(2)); United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010) (same); United States v. Marion, 590 F.3d 475, 477-78 (7th Cir. 2009) (same). Those cases did not come in the wake of contrary circuit precedent like Legree, or indicate that Gall, Dillon, or any other Supreme Court case subsequent to Legree required the result reached. Thus, the cases on which Smalls relies do not support his argument that we are no longer bound by Legree.

We therefore conclude that neither Gall nor Dillon constitutes superseding Supreme Court precedent that would permit us to ignore Legree.

IV.

Because Legree governs and the facts of Smalls' case fail to overcome its presumption that, absent a contrary indication, a court has considered the relevant factors in deciding a § 3582(c)(2) motion, we hold the district court's explanation sufficient. Accordingly, the judgment of the district court is

AFFIRMED.

14