**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-6813**

─────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RASHAWN LAMAR DAWKINS,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:05-cr-00489-REP-1)

─────────

Submitted:  July 25, 2013              Decided:  July 29, 2013

─────────

Before GREGORY, DAVIS, and THACKER, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Rashawn Lamar Dawkins, Appellant Pro Se. Michael Ronald Gill, Angela Mastandrea-Miller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashawn Lamar Dawkins appeals from the district court's order granting his 18 U.S.C. § 3582 (2006) motion for reduction of sentence and imposing a sentence at the top of the amended Guidelines range. On appeal, Dawkins avers that he should have received a lower sentence and that the district court procedurally erred. We affirm.

First, Dawkins contends that the district court erred by failing to provide sufficient reasoning for the sentence it imposed. However, when deciding a § 3582 motion, the district court is not required to provide individualized reasoning, and the record does not otherwise support the conclusion that the court failed to consider the relevant factors. See United States v. Smalls, __ F.3d __, 2013 WL 3037658 (4th Cir. 2013). In fact, the district court imposed the exact sentence requested by Dawkins' counsel.

Second, Dawkins avers that his counsel was ineffective for failing to argue for a lower sentence. However, there is no right to counsel in § 3582 proceedings, and as such, Dawkins' ineffective assistance claim is not cognizable. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). Finally, Dawkins challenges his original conviction and sentence. Again, these claims are not cognizable in a § 3582 proceeding. See United States v.

2

Hernandez, 645 F.3d 709, 712 (5th Cir. 2011) (noting that § 3582 provides for a modification proceeding not a collateral attack).

Accordingly, although we grant leave to proceed in forma pauperis, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED