**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7132**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

JEROME THOMAS,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.　David A. Faber, Senior District Judge.　(2:93-cr-00196-2)

Submitted:　November 7, 2013　　　Decided:　November 14, 2013

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.　R. Booth Goodwin, II, United States Attorney, William B. King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Thomas appeals the district court's judgment order denying a sentence reduction under 18 U.S.C. § 3582(c) (2012). We affirm.

A district court <u>may</u> reduce a sentence in the case of a defendant whose guidelines sentencing range has been lowered by the Sentencing Commission. <u>United States v. Smalls</u>, 720 F.3d 193, 195 (4th Cir. 2013). Whether to reduce the sentence is within the court's discretion so long as it considers the factors outlined in 18 U.S.C. § 3553(a) (2012) to the extent applicable. <u>See</u> 18 U.S.C. § 3582(c)(2); <u>Smalls</u>, 720 F.3d at 195. The court is not required to reduce the sentence even if the current sentence is above the amended guidelines range. <u>United States v. Stewart</u>, 595 F.3d 197, 200 (4th Cir. 2010). We review a district court's decision on whether to reduce a sentence for abuse of discretion. <u>United States v. Munn</u>, 595 F.3d 183, 186 (4th Cir. 2010). Under this standard, we may not substitute our judgment for that of the district court, but must determine whether the district court's exercise of discretion was arbitrary or capricious. <u>United States v. Mason</u>, 52 F.3d 1286, 1289 (4th Cir. 1995).

The court did not abuse its discretion in considering the nature and the circumstances of the offense that resulted in Thomas being arrested. <u>See, e.g.,</u> <u>United States v. Osborn</u>, 679

2

F.3d 1193, 1196 (10th Cir. 2012) (the seriousness of the offense, including the involvement of firearms on multiple occasions, was a proper basis for denying the § 3582(c) motion). "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). Accordingly, the district court's determination that Thomas is still a danger to the public, based in part on the circumstances that led to Thomas' arrest, is well within the court's discretion. We also conclude that the court acted well within its discretion when considering Thomas' post-conviction conduct, and in concluding that such conduct calls into question his ability to respect the law and refrain from violence.

Because the district court did not abuse its discretion in denying Thomas a sentence reduction, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3