<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6648**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

QUENTIN MARQUE HINES, a/k/a Quest, a/k/a Scott Phree,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:09-cr-00237-D-1)

Submitted: July 24, 2014                Decided: July 29, 2014

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Quentin Marque Hines, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Marque Hines seeks to appeal the district court order denying relief on his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction. For the reasons that follow, we affirm.

A district court may reduce the sentence of a defendant whose Guidelines sentencing range has been lowered by the Sentencing Commission. United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013). Whether to grant such a reduction is within the district court's discretion, so long as it considers the factors outlined in 18 U.S.C. § 3553(a) (2012) to the extent applicable. See 18 U.S.C. § 3582(c)(2); Smalls, 720 F.3d at 195. The court is not required to grant a reduction, even if the sentence the defendant received is above the amended Guidelines range. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

We review a district court's decision whether to grant a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). In so doing, we may not substitute our judgment for that of the district court, but instead consider whether the court's exercise of discretion was arbitrary or capricious. United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995).

Our review of the record demonstrates that the court did not abuse its discretion in denying Hines' motion. The court clearly understood its authority to reduce Hines' sentence pursuant to the crack cocaine Guidelines amendment but declined to do so based on its careful review of Hines' circumstances. "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). While the court was entitled to consider Hines' post-conviction conduct, see Pepper v. United States, 131 S. Ct. 1229, 1242 (2011), we cannot conclude that the court abused its discretion in determining that Hines' extensive criminal history, failure to comply with probation or pretrial release, and personal history justified the sentence originally imposed, even in light of the revised Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED