<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7025**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

JOSHUA JULIUS COLE,

          Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:09-cr-00327-D-1)

Argued: September 17, 2015        Decided: October 14, 2015

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Phillip Anthony Rubin, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2010, Joshua Cole pled guilty to conspiracy to distribute, and possession with intent to distribute, more than 50 grams of cocaine base and cocaine. The district court calculated Cole's advisory sentencing guidelines range to be 292-365 months. Then, the district court granted the government's motion for a downward departure based on substantial assistance and sentenced Cole to 174 months. In 2014, Cole filed a motion for reduction of sentence under 18 U.S.C. § 3582(c), relying on the 2010 retroactive amendments to the crack cocaine guidelines. Cole argued that under the amended guidelines, his advisory range should be 262-327 months. Because the district court had granted a 40% reduction at the original sentencing hearing, Cole requested the same reduction to the new advisory range and sought a sentence of 156 months. The district court noted that Cole was eligible for a sentence reduction, but denied the motion. We affirm.

We review a district court's decision on a motion for sentence reduction for abuse of discretion. A district court must follow a two-step approach when it decides whether to modify an imprisonment term pursuant to a retroactive amendment to the sentencing guidelines. See Dillon v. United States, 560 U.S. 817, 827 (2010). First, it must determine the prisoner's eligibility for a sentence reduction. Id. Second, the district

3

court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized...is warranted in whole or in part under the particular circumstances of the case." Id.

Cole concedes that the district court fulfilled the first prong of the two-step Dillon approach when it noted that Cole was eligible for a sentence reduction. He argues, however, that the district court abused its discretion when it found, under the second prong of the Dillon analysis, that the reduction was unwarranted in Cole's case. Cole contends that the district court's description of him shows that the district court did not fully consider the applicable § 3553(a) factors. Specifically, Cole points to the district court's use of the present tense when it said, "[Cole] is a recidivist [with] a deplorable, violent criminal history...a history of substance abuse...and essentially no work history."* (J.A. 32, emphasis added). Cole argues that by failing to acknowledge his efforts in prison to address those problems, the district court must have impermissibly failed to take them into account.

---

* We note the court's description is accurate. Any remedial measures taken in prison do not erase a "violent criminal history" or "a history of substance abuse," nor do they significantly alter his work history. See J.A. 32.

4

When we review a decision on a motion for a sentence reduction we presume that the district court considered the applicable § 3553(a) factors and other relevant matters "absent a contrary indication." See United States v. Smalls, 720 F.3d 193, 195-96 (4th Cir. 2013). Here, the record not only fails to offer such a contrary indication, it confirms that the district court did in fact consider the § 3553(a) factors. In its order, the district court clearly stated, "[t]he court has reviewed the entire record." J.A. 32. Further, it is clear that the district court considered all factors, including any new developments since the original sentencing, when it concluded, "[t]he court remains convinced today, as it was on [the date of the original sentencing], that Cole received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a)." Id. at 32-33 (emphasis added).

In our view, the district court adequately considered the § 3553(a) factors when it denied Cole's § 3582(c) motion for a sentence reduction. We therefore affirm the district court's denial of Cole's motion for a sentence reduction.

AFFIRMED