**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7125**

_____

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

MARK ANTHONY LINCOLN, a/k/a Johnson Harper, a/k/a Kirk Johnson, a/k/a Ben Lewis, a/k/a Kirk Lincoln, a/k/a Quinton Harper, a/k/a Christoper Jacob, a/k/a Kirk Williams, a/k/a Christopher Jenkins,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:03-cr-00751-TLW-1)

_____

Submitted:  November 6, 2015      Decided:  December 1, 2015

_____

Before KING and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark Anthony Lincoln, Appellant Pro Se. Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Anthony Lincoln seeks to appeal the district court's order denying relief on his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction. For the reasons that follow, we affirm.

A district court may reduce the sentence of a defendant whose Sentencing Guidelines sentencing range has been lowered by the Sentencing Commission. United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013). Whether to grant such a reduction is within the district court's discretion, so long as it considers the factors outlined in 18 U.S.C. § 3553(a) (2012) to the extent applicable. See 18 U.S.C. § 3582(c)(2); Smalls, 720 F.3d at 195. We review a district court's decision whether to grant a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). In so doing, we may not substitute our judgment for that of the district court, but instead consider whether the court's exercise of discretion was arbitrary or capricious. United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995); see also United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) (holding that district court's discretion is extremely broad).

Our review of the record demonstrates that the court did not abuse its discretion in denying Lincoln's motion. The court clearly understood its authority to reduce Lincoln's sentence

pursuant to the Sentencing Guidelines' amendment but declined to do so based on its review of Lincoln's circumstances. While the court was entitled to consider Lincoln's post-conviction conduct, we cannot conclude that the court abused its discretion in determining that Lincoln's extensive criminal history, the seriousness of the offense of conviction, and Lincoln's documented disciplinary conviction justified his current sentence, even in light of the revised Guidelines range and Lincoln's commitment to rehabilitation. Moreover, Lincoln raised certain issues for the first time on appeal, and the district court did not abuse its discretion by failing to consider them sua sponte.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED