TRAXLER, Chief Judge, dissenting:
When the Government and the defendant make clear to the judge that they agree as to the sentencing options available to the judge and when the judge chooses a sentence that is unquestionably within this range of lawful options, I believe we can presume the judge understood what the lawyers said and I do not believe we can fault the sentencing judge for not explaining why he rejected the other choices presented to him.
There is nothing in the record to rebut the presumption that the district court fully understood the scope of its sentencing authority when it ruled on Hardy’s motion under 18 U.S.C. § 3582(c)(2). The parties’ written submissions, as well as the probation officer’s report, advised the court that it had the authority to reduce Hardy’s sentence to 98 months or less. The district court’s order reflected that the court understood the extent to which it was authorized to reduce Hardy’s sentence but decided that the circumstances in this case. merited less than the maximum reduction. The district court acted well within its discretion to reduce Hardy’s sentence to 140 months rather than 98 months. Accordingly, I respectfully dissent.
Where a defendant “has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,” a district court “may reduce the term of imprisonment” after considering the § 3553(a) factors and the applicable policy statements from the Sentencing Commission. See 18 U.S.C. § 3582(c)(2) (emphasis added). “[T]he decision about whether to reduce a sentence is discretionary on the part of the district court. The court is not required to reduce a defendant’s sentence, even where the current sentence is above the amended guidelines range.” United States v. Stewart, 595 F.3d 197, 200 (4th Cir.2010). This court therefore reviews a district court’s decision to grant or deny a sentence reduction under § 3582(c)(2) for abuse of discretion. See United States v. Smalls, 720 F.3d 193, 195 (4th Cir.2013). A court’s failure to understand the scope of its authority to reduce a sentence under § 3582(c)(2) amounts to an abuse of discretion. See United States v. Bernard, 708 F.3d 583, 597 (4th Cir.2013).
Although the district court granted Hardy’s motion and reduced his sentence from 168 months to 140 months, Hardy argues that the district court failed to understand that it could reduce his sentence even further to 98 months. To properly consider Hardy’s position, the correct place to start *238 is with the presumption that the district judge correctly understood his sentencing authority and properly considered the § 3553(c) factors and applicable policy statements as required by § 3582(c)(2). See Smalls, 720 F.3d at 195-96. “[A]bsent a contrary indication, we presume a district court deciding a § 3582(c)(2) motion has considered the 18 U.S.C. § 3553(a) factors and other pertinent matters before it.” Id. (internal quotation marks omitted). There is nothing in the record that, in my view, overcomes the presumption that the district court properly understood and considered the extent of his authority to reduce Hardy’s sentence.
Section lB1.10(b)(l) of the Sentencing Guidelines directs the district court when considering a sentence reduction to “determine the amended guideline range that would have been applicable to the defendant if the amendment(s) ... had been in effect at the time the defendant was sentenced.” The Sentencing Guidelines generally prohibit a court from reducing the defendant’s term of imprisonment under § 3582(c)(2) “to a term that is less than the minimum of the amended guideline range.” U.S.S.G. § 1B1.10(b)(2)(A). If, however, a defendant’s original sentence was below the guideline range based on a substantial assistance departure under § 3553(e), then “a reduction comparably less than the amended guideline range ... may be appropriate.” Id. at § 1B1.10(b)(2)(B) (emphasis added).
In this case, Hardy’s original sentencing range would have been 168-210 months but for the fact that he was subject to a 240-month mandatory minimum sentence. Nevertheless, in light of the mandatory minimum, Hardy’s guideline sentence was 240 months. See U.S.S.G. § 5G1.1(b) (“Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.”). Thus, U.S.S.G. § 1B1.10(b)(2)(B) applies in this case. Hardy’s original sentence was below the guideline range “pursuant to a government motion to reflect [Hardy’s] substantial assistance to authorities,” meaning that the district court could, but was not required to, grant under § 3582(c)(2) “a reduction comparably less than the amended guideline range” of 140-175 months.
U.S.S.G. § 1B1.10(c) makes clear that in a case such as this one, where the defendant is subject to a statutory minimum, the amended range is determined “without regard to the operation of § 5G1.1.” U.S.S.G. § 1B1.10(c). That is, the court must disregard the fact that the defendant was subject to a mandatory minimum when determining “the amended guideline range that would have been applicable to the defendant if the amendment(s) ... had been in effect at the time the defendant was sentenced.” U.S.S.G. § 1B1.10(b)(1).
The parties agree that in reducing Hardy’s sentence under § 3582(c)(2), the district court, had it so desired, could have gone as low as 98 months because the original 168-month sentence was 30% below the guideline range of 240 months— the guideline range being equal to the mandatory minimum under § 5G1.1. A “comparable” 30% reduction from the bottom of the amended range of 140 months would have resulted in a sentence of 98 months, assuming the district court in its discretion found such a reduction to be appropriate. This point was the subject of the memoranda submitted to the court by the parties. The district court, however, granted Hardy a downward departure under § 3553(e) and sentenced him to 168 months, the bottom of the otherwise applicable sentencing range.
There is nothing in the district court’s ruling to overcome the presumption that *239 the court understood how to properly apply U.S.S.G. § 1B1.10(b) & (c), that the amended guideline range was 140-175 months, and that it could reduce Hardy’s sentence below the amended range to 98 months. The court was fully briefed by the parties and the probation officer regarding the option of reducing Hardy’s sentence to 98 months. The district court’s order reflected its clear understanding of the amended guideline range as determined by application of § 1B1.10(c): “Defendant’s reduced sentence [of 140 months] ... is likewise at the low end of the revised Guideline Range after Amendment 782, without consideration of the § 851 notice.” J.A. 89. And, since the district court clearly understood that the 140-month sentence that it was imposing was at the bottom of the amended range, the court understood it was not imposing a “reduced sentence ... comparably less than the amended guideline range” because it did not select that check-box option.
The fact that the one-page form order does not explicitly state that “the court is aware that a 98-month sentence is permissible” does not persuade me that the district court was ignorant of this point on which it had just been briefed. “[I]n the absence of evidence a court neglected to consider relevant factors, the court does not err in failing to provide a full explanation for its § 3582(c)(2) decision.” Smalls, 720 F.3d at 196. The district court chose to go to the bottom of the amended range, but not below it. There is nothing to suggest that this was not a conscious and intentional choice or that we ought to abandon the presumption that the district court was aware of and considered all of the sentencing options available to it.