**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6434**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

PAULETTE MARTIN, a/k/a Paulette Murphy, a/k/a Paulette
Akuffo, a/k/a Paula Murphy, a/k/a Auntie,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:04-cr-00235-RWT-1)

Submitted:  September 15, 2016        Decided:  October 4, 2016

Before GREGORY, Chief Judge, and MOTZ and DUNCAN, Circuit
Judges.

Vacated and remanded by unpublished per curiam.

James Wyda, Federal Public Defender, Baltimore, Maryland; Sapna
Mirchandani, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt,
Maryland, for Appellant.  Debra Lynn Dwyer, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paulette Martin appeals the district court's order denying her 18 U.S.C. § 3582(c)(2) motion seeking a sentence reduction under Amendment 782. The parties dispute Martin's eligibility for a sentence reduction and whether such a reduction is warranted in light of the § 3553(a) factors and Martin's postsentencing conduct. In denying the motion, the court simply checked the "DENIED" box on the form order, offering no reason for the denial. Martin contends that the court procedurally erred in failing to identify a reason for denying her sentence reduction motion. Under the unique circumstances of this case, we agree.

"We review a district court's grant or denial of a § 3582(c)(2) motion for abuse of discretion. But the question of whether a court ruling on a § 3582(c)(2) motion must provide an individualized explanation is one of law that we consider de novo." United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013) (citation omitted). In deciding whether to grant a motion for a sentence reduction, the court must first determine whether the defendant is eligible for the reduction, consistent with U.S. Sentencing Guidelines Manual § 1B1.10 and then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)," Dillon v. United States, 560 U.S. 817, 826 (2010), "to the

2

extent that they are applicable," 18 U.S.C. § 3582(c)(2). The court may also consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment" in determining whether, and to what extent, a sentence reduction is warranted. USSG § 1B1.10 cmt. n.1(B)(iii).

Martin argues that it is impossible to determine whether the district court abused its discretion in denying her motion for a sentence reduction because it provided no reason for the denial. We have held that, absent a contrary indication, it is presumed that the district court has considered the § 3553(a) factors and other "issues that have been fully presented for determination." United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000) (internal quotation marks omitted). Moreover, "in the absence of evidence a court neglected to consider relevant factors, the court does not err in failing to provide a full explanation for its § 3582(c)(2) decision." Smalls, 720 F.3d at 196. However, the sole issue in Legree and Smalls was not the defendant's eligibility for the reduction but whether the district court abused its discretion in assessing the § 3553(a) factors and the defendant's postsentencing conduct.

Martin's case is of an entirely different species. Here, we cannot determine in the first instance whether the court concluded that Martin was ineligible for a sentence reduction

3

or, alternatively, whether the court decided that such a reduction was unwarranted in light of the § 3553(a) factors and Martin's postsentencing conduct. Because the parties presented fully developed, nonfrivolous arguments as to both steps of the sentence reduction inquiry, we can only speculate as to the basis for the district court's decision.

Ultimately, the district court's sparse order leaves us unable to assess whether the court abused its discretion in denying Martin's motion. While we take no position as to whether Martin can or should receive a sentence reduction under Amendment 782, we vacate the district court's order and remand for further consideration consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED