**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7678**

_____

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

PHILIP MARTIN COOPER,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:99-cr-00138-AWA-1)

_____

Submitted:  May 17, 2016              Decided:  February 1, 2017

_____

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and DAVIS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Philip Martin Cooper, Appellant Pro Se. Elizabeth Marie Yusi, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Martin Cooper appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion seeking a sentence reduction under Amendment 782. The parties disputed Cooper's eligibility for a sentence reduction and whether such a reduction is warranted in light of the § 3553(a) factors and Cooper's postsentencing conduct. In denying the motion, the court simply checked the "DENIED" box on the form order, offering no reason for the denial. On appeal, Cooper contends, *inter alia*, that the district court erred by failing to show or set forth any finding of fact or reasons to support the court's ruling. Under the circumtances, we agree.

"We review a district court's grant or denial of a § 3582(c)(2) motion for abuse of discretion. But the question of whether a court ruling on a § 3582(c)(2) motion must provide an individualized explanation is one of law that we consider de novo." United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013) (citation omitted). In deciding whether to grant a motion for a sentence reduction, the court must first determine whether the defendant is eligible for the reduction, consistent with U.S. Sentencing Guidelines Manual § 1B1.10 and then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)," Dillon v. United States, 560 U.S. 817, 826 (2010), "to the

2

extent that they are applicable," 18 U.S.C. § 3582(c)(2). The court may also consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment" in determining whether, and to what extent, a sentence reduction is warranted. USSG § 1B1.10 cmt. n.1(B)(iii).

We have held that, absent a contrary indication, it is presumed that the district court has considered the § 3553(a) factors and other "issues that have been fully presented for determination." United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000) (internal quotation marks omitted). Moreover, "in the absence of evidence a court neglected to consider relevant factors, the court does not err in failing to provide a full explanation for its § 3582(c)(2) decision." Smalls, 720 F.3d at 196. However, the sole issue in Legree and Smalls was not the defendant's eligibility for the reduction but whether the district court abused its discretion in assessing the § 3553(a) factors and the defendant's postsentencing conduct.

The instant case is distinguishable, because we cannot determine in the first instance whether the court concluded that Cooper was ineligible for a sentence reduction or, alternatively, whether the court decided that such a reduction was unwarranted in light of the § 3553(a) factors and Cooper's postsentencing conduct. Because the parties presented fully

3

developed, nonfrivolous arguments as to both steps of the sentence reduction inquiry, we can only speculate as to the basis for the district court's decision. Ultimately, we are unable to assess whether the court abused its discretion in denying Cooper's motion

Accordingly, while we take no position as to whether Cooper is eligible for, or should receive, a sentence reduction under Amendment 782, we vacate the district court's order and remand for further consideration consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

4