**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-6548**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAPHAEL WALTER ROGERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:10-cr-00108-D-1)

Submitted:  September 14, 2018                      Decided:  October 12, 2018

Before MOTZ and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raphael Walter Rogers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raphael Walter Rogers appeals the district court's order denying relief on his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction. A district court may reduce the sentence of a defendant whose Guidelines range has been lowered by the Sentencing Commission. *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). Whether to grant such a reduction is within the district court's discretion, so long as it considers the factors outlined in 18 U.S.C. § 3553(a) (2012), to the extent applicable. *See* 18 U.S.C. § 3582(c)(2); *Smalls*, 720 F.3d at 195. The court is not required to grant a reduction, even if the sentence the defendant received is above the amended Guidelines range. *United States v. Stewart*, 595 F.3d 197, 200 (4th Cir. 2010).

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, and a district court's ruling as to the scope of its legal authority under § 3582(c)(2) de novo. *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013). A district court abuses its discretion if it fails or refuses to exercise its discretion, or if it relies on an erroneous factual or legal premise. *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 323 (4th Cir. 2008). Our review of the record demonstrates that the district court did not abuse its discretion in denying Rogers' motion. The court clearly understood its authority to reduce Rogers' sentence and recognized Rogers' post-sentencing conduct, but declined to do so based on its review of the § 3553(a) factors. We cannot conclude that the court abused its discretion in determining that a sentence reduction was not warranted based on those factors.

2

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*