**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6332**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID TOBIAS MAY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:07-cr-00058-JPJ-PMS-1)

Submitted: October 31, 2019                    Decided: November 8, 2019

Before GREGORY, Chief Judge, and FLOYD and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Roanoke, Virginia, Lisa Marie Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Tobias May appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012). May pled guilty to drug and firearm offenses pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. May sought to reduce his sentence under Amendment 782 to the Sentencing Guidelines, which lowered the offense levels applicable to most drug trafficking offenses by two levels and is retroactively applicable. *See* U.S. Sentencing Guidelines Manual § 1B1.10(d), p.s. (2018); supp. app. C, amend. 782. May argues on appeal that the district court failed to understand its obligation to consider all the relevant 18 U.S.C. § 3553(a) (2012) factors in ruling on his motion to reduce sentence, and failed to consider all his mitigation arguments and adequately explain the denial of relief. We affirm.

We review the denial of a § 3582(c)(2) motion for abuse of discretions but "whether a court ruling on a motion to reduce under § 3582(c)(2) must provide an individualized explanation is considered de novo." *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). The district court found that May was eligible for a sentence reduction because Amendment 782 lowered May's Guidelines sentencing range for the drug offenses but declined to impose a lower sentence.[*] The district court noted its authority to reduce May's sentence after considering the applicable § 3553(a) factors, public safety concerns, and May's postsentencing conduct. The court acknowledged May's arguments that his

---

[*] The Government does not contest the district court's finding that May was eligible for relief under Amendment 782.

criminal history category was too high, that he had no disciplinary infractions during his current incarceration, and that at 55 years of age he was unlikely to reoffend. The court found that "May's history reveals him to be a dangerous individual with little regard for the law," and as a result the court was "not convinced that May is likely to live a law-abiding life upon his release from prison." The court determined that a lengthy period of incarceration was required to protect the public, and that, based on "the nature and characteristics of his crimes and all of the information contained in the [presentence report], . . . that May's current sentence of 240 months remains appropriate despite Amendment 782's two-offense-level reduction for his drug offenses." (J.A. 108).

We conclude that the district court understood its obligation to consider the relevant § 3553(a) factors in determining whether to grant May's motion, *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Thus, May's first argument is without merit.

May next argues that the district court erred in failing to properly consider mitigating factors, and failing to adequately explain its decision. When evaluating the sufficiency of a sentencing court's explanation for a denial of a § 3582(c)(2) motion, there is a presumption that the district court sufficiently considered relevant § 3553(a) factors, *see United States v. Legree*, 205 F.3d 724, 728-29 (4th Cir. 2000). However, "[e]vidence of mitigating factors not available at the original sentencing has indeed been used to rebut the *Legree* presumption," and a court may err if it fails to provide "an individualized explanation for why it chose to deny [a] motion," *Martin*, 916 F.3d at 396.

May asserts that the district court did not acknowledge, or expressly consider, his new mitigation arguments based on his completion of a drug treatment program, his

3

attainment of a GED, and that the court's failure to lower his sentence would result in unwarranted sentencing disparities with other similarly-situated defendants. "The fundamental problem with this contention is that new arguments cannot be raised in a reply brief. Thus, in failing to consider a reply brief, the district court did not fail to consider all relevant factors properly before it." *United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013) (citation omitted). Based upon the facts and circumstances of this case, we conclude that the district court adequately addressed the arguments raised in May's motion for reduction of sentence and explained its decision to deny relief.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*