**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7159**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL P. BOCCONE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:11-cr-00592-CMH-1)

Submitted:  February 22, 2021                    Decided:  March 16, 2021

Before NIEMEYER and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Paul P. Boccone, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul P. Boccone appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Sentencing Guidelines Amendment 782. On appeal, Boccone challenges the sufficiency of the district court's explanation. For the reasons that follow, we vacate and remand.

We review the district court's denial of a motion for a sentence reduction for abuse of discretion. *See United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). "But the question of whether a court ruling on a § 3582(c)(2) motion must provide an individualized explanation is one of law that we consider de novo." *Id.*

In deciding whether to grant a motion for a sentence reduction, the district court must first determine whether the defendant is eligible for the reduction, consistent with U.S. Sentencing Guidelines Manual § 1B1.10, p.s., and then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C. ] § 3553(a)," *Dillon v. United States*, 560 U.S. 817, 826 (2010), "to the extent that they are applicable," 18 U.S.C. § 3582(c)(2). The court may also consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment" in determining whether, and to what extent, a sentence reduction is warranted. USSG § 1B1.10, p.s., cmt. n.1(B)(iii).

In *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018), the Supreme Court "provide[d] guidance regarding the level of detail a sentencing court must provide when evaluating section 3582(c)(2) motions to reduce sentences." *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). The Supreme Court held that, "[a]t bottom, the sentencing

judge need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Chavez-Meza*, 138 S. Ct. at 1964 (internal quotation marks omitted).

We presume that the district court sufficiently considered relevant factors in deciding a § 3582(c)(2) motion. *United States v. Legree*, 205 F.3d 724, 729-30 (4th Cir. 2000). "Evidence of mitigating factors not available at the original sentencing[, however,] has . . . been used to rebut the *Legree* presumption" *Martin*, 916 F.3d at 396. In *Martin*, we held that "a district court cannot ignore a host of mitigation evidence and summarily deny a motion to reduce a sentence and leave both the defendant and the appellate court in the dark as to the reasons for its decision." *Id.* at 398. If we "consider[] an explanation inadequate in a particular case, [we] can send the case back to the district court for a more complete explanation." *Id.* (internal quotation marks omitted).

Boccone presented evidence of his post-conviction rehabilitation efforts with his § 3582(c)(2) motion, including records indicating that he spent many hours in the prison garage restoring and repairing equipment for the Bureau of Prisons (BOP). These records indicate that Boccone saved the BOP tens of thousands of dollars in repairs and restoration and was recommended for a special monetary award for his efforts. Here, the district court's summary order did not address Boccone's evidence or provide any reasoning aside from stating that "the previous sentence heretofore imposed was correct for the reasons

3

stated."[1]  "Given that there is no reference to [the] new mitigation evidence, it is clear that the district court did not comply with the standards set forth in *Chavez-Meza*, and [Boccone] has rebutted the *Legree* presumption." *Martin*, 916 F.3d at 397.

Accordingly, we vacate the district court's order and remand for a fuller explanation.[2]  *See id.* at 398.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[1] Assuming that the district court was referring to its explanation at sentencing, we noted on direct appeal that "the district court failed to explain adequately the application of each of the statutory sentencing factors, and to provide an individualized assessment based on the particular facts of the case before it of the basis for the substantial downward variance imposed." *United States v. Boccone*, 556 F. App'x 215, 242 (4th Cir. 2014) (No. 12-4949(L)) (internal quotation marks omitted).

[2] We express no view on the merits of Boccone's motion.