**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-2198**

───────────────

TODD WHITE,

        Plaintiff - Appellant,

    v.

ACELL, INC.,

        Defendant - Appellee.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, Chief District Judge.  (1:20-cv-00173-GLR)

───────────────

Submitted:  May 21, 2024                         Decided:  September 16, 2024

───────────────

Before RUSHING and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Todd White, Appellant Pro Se.  Tonecia Resheia Brothers-Sutton, Donald Eugene English, Jr., Kathleen A. McGinley, JACKSON LEWIS PC, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd White appeals the entry of judgment in favor of ACell, Inc., following the district court's grant of summary judgment and a jury verdict in ACell's favor on White's claims. Liberally construing White's informal brief,[1] *see Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022), he argues that the district court abused its discretion in making certain evidentiary rulings; that he was prejudiced by the jury's exposure to unadmitted evidence; that the jury's verdict on his retaliation claim under the False Claims Act, 31 U.S.C. §§ 3729-3733 (FCA), is against the weight of the evidence; that he was prejudiced by certain statements ACell made in its closing argument; that the district court erred by excusing an ill juror during trial; and that the district court should have removed certain jurors who fell asleep during the trial.[2]

We have reviewed the record and discern no reversible error. The district court acted within its discretion as to the challenged evidentiary rulings and, to the extent the court erred by not giving a curative instruction regarding certain letters introduced at trial, any error was harmless. *See Burgess v. Goldstein*, 997 F.3d 541, 559, 561 (4th Cir. 2021)

---

[1] Following the completion of briefing, White moved to file an amended informal brief. We deny that motion.

[2] White has not properly raised any other issues for our consideration in this appeal. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (limiting our review to issues raised in informal brief); *see also Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)); *United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013) (recognizing "that new arguments cannot be raised in a reply brief").

(stating standard of review).  Although White seeks to argue that the jury's verdict is against the weight of the evidence, he forfeited this argument by failing to move for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 or for a new trial under Fed. R. Civ. P. 59.  *See, e.g.*, *Dupree v. Younger*, 598 U.S. 729, 735 (2023); *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 155-60 (4th Cir. 2012).  White's challenge to ACell's closing argument similarly is not preserved for appeal, and our review of the record does not reveal any exceptional circumstances that warrant our consideration of this issue.  *See Dennis v. Gen. Elec. Corp.*, 762 F.2d 365, 366-67 (4th Cir. 1985).  Assuming White properly preserved his argument regarding the jury's exposure to unadmitted evidence, he has not shown he was prejudiced by the error.  *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 427 & n.6 (4th Cir. 1996).  Finally, White has not established that the district court fundamentally erred by excusing an ill juror from trial, *see* Fed. R. Civ. P. 47(c), or by failing to remove any inattentive jurors, *see United States v. Freitag*, 230 F.3d 1019, 1023-24 (7th Cir. 2000).

Accordingly, we deny White's motion to file an amended informal brief and affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3