**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-6095**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TIMOTHY WAYNE GUESS,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, Chief District Judge.  (2:10-cr-00140-MSD-TEM-1)

—————————

Submitted:  June 17, 2025                          Decided:  June 23, 2025

—————————

Before GREGORY, QUATTLEBAUM, and BERNER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Timothy Wayne Guess, Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Wayne Guess appeals the district court's order granting relief on his 18 U.S.C. § 3582(c)(2) motion pursuant to Amendment 821 to the Sentencing Guidelines and reducing his sentence to 240 months—a term lower than his existing sentence but above the amended Guidelines range. "We review a district court's decision [whether] to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo." *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013). Finding no abuse of discretion, we affirm.

Guess correctly notes on appeal that the district court's order he received did not explain the court's reasons for imposing a reduced sentence above the amended Guidelines range on his drug convictions. However, the record before us contains the district court's explanation for the chosen sentence and shows that the court followed the two-step process for assessing a § 3582(c)(2) motion. *See United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). The court found Guess eligible for a sentence reduction under Amendment 821, recognized his continued, positive postsentencing rehabilitative conduct, but ultimately concluded that the applicable 18 U.S.C. § 3553(a) factors warranted a reduced sentence of 240 months—not a sentence of 190 months, as Guess had requested. *See id.* at 396; *United States v. Smalls*, 720 F.3d 193, 196 (4th Cir. 2013); *see also Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018).

Accordingly, we affirm the district court's order granting Guess's § 3582(c)(2) motion for a sentence reduction. We dispense with oral argument because the facts and

2

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*