Vacated and remanded by unpublished PER CURIAM opinion. .Chief Judge Traxler wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
Albert Eugene Hardy, Jr., appeals from the June 2015 order entered in the Western District of North Carolina, granting him a sentence reduction from 168 to 140 months under 18 U.S.C. § 3582(c)(2). Hardy contends that the district court erred in failing to recognize that it could have reduced his sentence to as low as 98 months. The government counters that the court simply declined to award Hardy a larger reduction. As explained below, the record does not reveal that the court appreciated the scope of its authority, and it also shows that the court committed legal error. We therefore vacate and remand.
I.
On May 3, 2007, Hardy pleaded guilty to conspiracy to possess with intent to distribute cocaine báse, in contravention of 21 U.S.C. § 846. Prior to the guilty plea, the *234 United States Attorney filed a notice, pursuant to 21 U.S.C. § 851, advising that the government would utilize Hardy’s prior North Carolina drug conviction to seek a 240-month mandatory minimum sentence, pursuant to 21 U.S.C. § 841(b)(1)(A).
The probation officer thereafter prepared the presentence report and recommended that Hardy be sentenced to 240 months. The PSR reached its mandatory minimum recommendation by starting with a base offense level of 32, predicated on a drug weight of approximately 370 grams of cocaine base. The offense level was then adjusted two levels upward for reckless endangerment, less three levels for acceptance of responsibility, resulting in a final offense level of 31. Based on the final offense level and Hardy’s criminal history category of V, the Sentencing Guidelines advised a sentencing range of 168 to 210 months. The § 851 notice, however, triggered the mandatory minimum, making his Guidelines sentence 240 months. See USSG § 5Gl.l(b) (“Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.”).[1]
' Prior to the January 30, 2008 sentencing hearing, the government filed a motion for a downward departure, pursuant to 18 U.S.C. § 3553(e), recognizing therein that Hardy had provided substantial assistance to the authorities.[2] The district court granted the government’s substantial-assistance motion and imposed a sentence of 168 months. The sentence thus fell at the low end of the otherwise applicable Guidelines range of 168 to 210 months, and it equaled 70% of the 240-month mandatory minimum.
Seven years later, on April 23, 2015, Hardy filed his motion in the district court under 18 U.S.C. § 3582(c)(2), seeking a sentence reduction under Amendment 750 to the Guidelines. In response, the probation officer filed a memorandum with the court on April 27, 2015, advising that Hardy was ineligible for relief under Amendment 750.[3] The probation officer further advised the court, however, that Hardy was eligible for a sentence reduction under Amendment 782.[4] More specifically, the probation officer stated that Hardy’s original sentence of 168 months was equal to 70% of the 240-month statutory minimum. The probation officer then calculated Hardy’s revised Guidelines range as 140 to 175 months. Finally, pursuant to the applicable Guidelines policy statement, the probation officer recommended a comparable reduction to 98 months. See USSG *235 § 1B1.10(b)(2)(B). The recommended 98 months was 70% of 140 months, or 70% of the low end of Hardy’s revised Guidelines range. See id. § 1B1.10(c) cmt. n. 4(B).
On June 1, 2015, the government agreed that Hardy was eligible for a sentence reduction under Amendment 782, and also acknowledged that the district court could lower his sentence to the 98 months recommended by the probation officer. Moreover, the government expressly consented to such a reduction. Hardy responded the very next day, requesting that the court award him the unopposed sentence reduction to 98 months. .
By its one-page order (AO Form 247) of June 17, 2015, the district court granted Hardy’s § 3582(c)(2) motion in part, reducing his sentence to 140, rather than 98 months. See United States v. Hardy, No. 1:07-cr-00010 (W.D.N.C. June 17, 2015), ECF No. 72 (the “Order”). In so ruling, the court explained that Hardy’s “Original Guideline Range” was 240 months, and that his “Amended Guideline Range” was also 240 months. From the list of check-box options contained in the Order, the court selected the option specifying that the reduced sentence was based on Amendment 782. The court left blank an option that reads, “The reduced sentence is within the amended guideline range.” It also did not mark another option that reads, “The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing and the reduced sentence is comparably less than the amended guideline range.” Finally, the court checked the box designated “Other,” and explained:
Defendant’s [original] sentence was enhanced pursuant to a § 851 notice. His cooperation was recognized b[y] allowing him a reduction to a sentence at the low end of the Guideline Range without consideration of the § 851 notice. Defendant’s reduced sentence herein is likewise at the low end of the revised Guideline Range after Amendment 782, without consideration of the § 851 notice.
Hardy has filed a timely notice of appeal of the district court’s sentence reduction decision. We possess jurisdiction pursuant to 28 U.S.C. § 1291.
II.
Absent an abuse of discretion, we will not disturb a district court’s sentence reduction decision under 18 U.S.C. § 3582(c)(2). See United States v. Mann, 709 F.3d 301, 304 (4th Cir.2013). A district court abuses its discretion when it commits an error of law. See United States v. Rybicki, 96 F.3d 754, 757 (4th Cir.1996). An error of law may include a district court’s, misapprehension of “the scope of its legal authority under § 3582(c)(2),” an issue that we review de novo. See Mann, 709 F.3d at 304.
III.
Hardy contends that the district court erred in failing to recognize its authority under the Sentencing Commission’s policy statement and in “calculating the extent of a ‘comparably less’ reduction” below his amended Guidelines range. See Br. of Appellant 8. Put succinctly, Hardy maintains that the court failed to appreciate that it was authorized to reduce his sentence to 98 months (70% of the low end of his amended Guidelines range). The United States Attorney agrees that the court was authorized to reduce Hardy’s sentence to 98 months. The prosecution contends, however, that the court was aware of that authority and instead “explicitly declined to impose the shortest prison sentence it could.” See Br. of Appellee 14. Hardy’s sentence reduction from 168 to 140 *236 months, according to the government, was neither erroneous nor an abuse of discretion.
The Supreme Court’s decision in Dillon v. United States explained the “two-step approach” that a district court must under- . take when resolving a § 3582(c)(2) motion. See 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). First, “the court [must] follow the [Sentencing] Commission’s instructions” in the policy statement spelled out in Guidelines section 1B1.10 “to determine the prisoner’s eligibility for a sentence modification and the extent of the reduction authorized.” Id. (emphasis added). Second, the court must “consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.” Id.
Consistent with Dillon, the district court initially determined that Hardy was eligible for a sentence reduction under Amendment 782. The court failed, however, to specify the extent of the permissible reduction authorized by the Commission’s policy statement in Guidelines section 1B1.10(b)(2)(B). That policy statement authorizes a “[sentence] reduction comparably less than the amended guideline range” when the defendant was originally sentenced below a mandatory minimum based on his substantial assistance to the authorities. See id. (emphasis added). Because Hardy was originally sentenced to 168 months (70% of 240 months), a “comparably less” sentence under Amendment 782 would be 98 months, or 70% of the low end of his amended Guidelines range. See id. § lB1.10(c) cmt. n. 4(B) (providing for percentage reduction from low end of amended Guidelines range). Put simply, the court did not complete Dillon's first step. The court’s failure to identify the permissible reduction to 98 months strongly suggests that it did not appreciate the scope of its authority. See United States v. Smalls, 720 F.3d 193, 196 (4th Cir.2013) (observing that “contrary indication[s]” may “rebut the ... presumption that the district court considered all relevant factors in ruling on [a] § 3582(c)(2) motion”).
In pressing the contrary assertion — that the district court fully understood the scope of its authority — the government emphasizes two aspects of the form Order. First, it points to the court’s explanation— accompanying the “Other” box — that Hardy’s reduced sentence was “likewise at the low end of the revised Guideline Range after Amendment 782.” Second, the government contends that the court must have recognized its authority to impose a lesser sentence because it failed to check the box indicating that it was granting a “comparably less” reduction.
There are other aspects of the Order, however, that serve to undermine the government’s contention. Most importantly, the Order contains an error of law: it states that Hardy’s “Original Guideline Range” and “Amended Guideline Range” are both “240 months” (the mandatory statutory minimum). That statement runs contrary to the Guidelines’ explicit directive that “the amended guideline range shall be determined without regard to” the 240-month mandatory minimum. See USSG § 1B1.10(c); see also United States v. Williams, No. 15-7114, —F.3d-, slip op. at 23 (4th Cir. Dec. 14, 2015) (“Although Guidelines section 5Gl.l(b) would otherwise turn the 240-month mandatory minimum into Williams’s revised ‘guideline sentence,’ the revisions made to Guidelines section 1B1.10 by Amendment 780 bar the sentencing court from calculating his amended range in that manner.”). In this case, Hardy’s amended Guidelines range was not 240 months, as the district *237 court stated in the Order, but was 140 to 175 months, as determined by the probation officer.[5]
In these circumstances, we are not persuaded that the district court appreciated the scope of its authority under § 3582(c)(2). Furthermore, the court committed legal error in ruling on Hardy’s sentence reduction motion. We are therefore constrained to vacate the Order and remand.
IV.
Pursuant to the foregoing, we vacate the judgment and remand for such other and further proceedings as may be appropriate.

VACATED AND REMANDED.

. The PSR relied on the 2007 edition of the Sentencing Guidelines. We otherwise refer to the 2014 edition, the Guidelines edition applicable to Hardy’s 18 U.S.C. § 3582(c)(2) motion.

. Pursuant to § 3553(e), a prosecutor’s downward-departure motion rewards a cooperating defendant by conferring upon the sentencing court "the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant’s substantial assistance in the investigation or prosecution of another person who has committed an offense.” The sentence must then be imposed "in accordance with the guidelines and policy statements issued by the Sentencing Commission.” Id.; see USSG § 5K1.1.

. Amendment 750 (effective November 1, 2011) altered the weight ranges for cocaine base offenses in the Guidelines, but not enough to impact Hardy's base offense level. On appeal, Hardy does[1] not challenge the court’s denial of relief under Amendment 750.

. Like Amendment 750, Amendment 782 (effective November 1, 2014) changed the applicable weight ranges for cocaine base offenses in the Guidelines. Unlike Amendment 750, however, Amendment 782 had the effect of lowering Hardy’s base offense level.

. Prior to the issuance of our 'Williams decision a few weeks ago, there would have been a viable contention that the 240-month mandatory minimum was the correct amended Guidelines range for a prisoner in Hardy’s position. In Williams, however, we squarely rejected that proposition.