**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6461**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

      v.

ALBERT EUGENE HARDY, JR.,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:07-cr-00010-MR-1)

_____

Submitted: November 17, 2016      Decided: December 5, 2016

_____

Before TRAXLER, KING, and THACKER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Ross Hall Richardson, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Eugene Hardy, Jr., appeals from the district court's order granting in part and denying in part his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction. On appeal, he contends that the district court erred in failing to consider relevant 18 U.S.C. § 3553(a) factors and analyze them explicitly on the record. We agree, and thus, we vacate and remand for further proceedings.

After Hardy originally pled guilty, the probation officer prepared a presentence report (PSR), calculating an offense level of 31 and finding that Hardy's criminal history category was V. Hardy's Sentencing Guidelines range was 168-210 months in prison. However, because Hardy was also subject to a statutory mandatory minimum term of 20 years in prison under 21 U.S.C. § 841(b)(1)(A) (2012), and pursuant to the 21 U.S.C. § 851 (2012) notice filed by the Government, the PSR recognized that Hardy's Guidelines range was 240 months under U.S. Sentencing Guidelines Manual § 5G1.1(b) (2006).

The Government moved for a downward departure based upon Hardy's substantial assistance under USSG § 5K1.1. The Government recommended a downward departure to the Guidelines range of 168-210 months in prison. The district court granted the motion for a downward departure and sentenced Hardy to 168 months in prison.

2

In 2015, Hardy moved for a reduction in sentence under § 3582(c)(2) (2012), arguing that he was eligible for immediate relief under Amendments 750 and 780. In Hardy's motion, he described the operation of USSG §§ 1B1.10 and 5G1.1 and concluded that he was eligible for a term of imprisonment as low as 84 months. Regarding the appropriate sentence to be imposed, the only reasoning Hardy provided was the assertion that he had a clean disciplinary record in prison and that he had completed numerous education programs and work assignments while in prison.

The probation officer prepared a supplemental PSR, concluding that, due to the amount of crack cocaine, Hardy was ineligible for a reduction under Amendments 750 and 780. However, the probation officer determined that Hardy would be eligible for a reduction under Amendment 782. Specifically, Hardy's offense level would be reduced to 29, resulting in a Guidelines range of 140 to 175 months in prison. Noting that USSG § 1B1.10(c) instructs a court to disregard § 5G1.1 where a defendant received a substantial assistance departure, the probation officer determined that Hardy was eligible for a reduction in his sentence to 98 months in prison, or a reduction to 70% of the low end of the amended Guidelines range, representing a reduction comparable to the reduction Hardy

received from the Guidelines term of 240 months as a result of the Government's original motion for a downward departure.

The Government agreed with the PSR and consented to the full extent of the reduction. The district court granted Hardy's motion for a reduced sentence, but limited the reduction to 140 months in prison. The court noted that Hardy's sentence was originally enhanced as a result of the § 851 notice and his cooperation garnered a reduction to the low end of the Guidelines range, without consideration of the § 851 notice. The district court stated that Hardy's reduced sentence was likewise at the low end of the amended Guidelines range without consideration of the § 851 enhancement. The court filled out a form, stating that the Guidelines range both before and after the amendment was 240 months, the statutory mandatory minimum.

On appeal, we vacated Hardy's sentence and remanded for further consideration. We noted that the district court failed to explicitly "specify the extent of the permissible reduction" to 98 months. We also stated that the district court incorrectly concluded that the amended Guidelines range was 240 months, even though the Guidelines specifically direct that "the amended guideline range shall be determined without regard to" the statutory mandatory minimum. USSG § 1B1.10(c). For these reasons, we concluded that the district court did not appreciate

4

the scope of its authority under § 3582(c)(2). <u>United States v. Hardy</u>, 640 F. App'x 233, 236-37 (4th Cir. 2016) (No. 15-6966).

On remand, on February 10, 2016, Hardy filed a supplemental sentencing memorandum, again requesting a sentence of 98 months in prison. This memorandum was much more detailed regarding the applicable factors to be considered. Hardy noted that the Government had reiterated its consent to a 98-month sentence at oral argument on appeal. Hardy argued that the Sentencing Commission determined that "cooperating defendants deserve special treatment when it comes to sentence reductions under § 3582(c)(2)." According to Hardy, the Commission decided that the best way to effectuate that policy goal was to remove consideration of the mandatory minimum (and thus any affect from the § 851 notice) from the sentencing calculus. Hardy averred that the amended Guidelines range of 140 to 175 months was a "rough approximation of [a sentence] that might achieve § 3553(a)'s objectives" and that this Guidelines range did not account for Hardy's substantial assistance. Hardy argued for the full extent of the permissible reduction, contending that he had an exemplary prison record and the Government would likely not file an § 851 notice in Hardy's case were he prosecuted under current policy.

Hardy also stated that, while his criminal history was lengthy, his most serious conviction (the predicate drug felony)

5

occurred in 1990, more than 17 years before the offense in this case, and several convictions occurred in his youth. Hardy argued, for the first time, that two of his convictions were erroneously assigned points. He conceded that he was barred from challenging the calculation of his criminal history category at this late date, but he noted the issue was a factor to consider under § 3553. Finally, Hardy stated that a co-defendant, for whom Hardy worked, was eventually sentenced within the amended Guideline range of 84 to 105 months, which created a sentencing disparity in his case. The Government did not file a response.

On March 9, 2016, the district court granted the motion for a reduction in sentence and again entered a sentence of 140 months. The court provided a factual background and noted that the issue was ripe for review, without recognizing that Hardy had filed a supplemental sentencing memorandum on remand. The court explicitly stated that Hardy was eligible for a sentence as low as 98 months and averred that it "concluded this originally, but did not adequately document it." The court then noted that, while a defendant's eligibility for a sentence reduction must be determined without regard for the mandatory minimum sentence, the § 851 notice can still be considered in analyzing the § 3553 factors. In so doing, the court again reasoned that, without consideration of the § 851 notice, a

defendant could be sentenced to a "lower sentence because of a prior felony drug conviction that served as the basis for the § 851 notice."

The court claimed that "this issue" (presumably the interplay between an § 851 notice, a substantial assistance departure, and a § 3582 reduction) was not addressed by Hardy's counsel. The court continued that "the third step of the Dillon[*] analysis was simply ignored and replaced with a formulaic request for the lowest possible sentence for which the Defendant is eligible, without any further explanation and without any acknowledgement of the impact of the Defendant's § 851 Notice." The court reasoned that a 140-month sentence reduced Hardy's sentence the equivalent of two offense levels, which was the general intent of Amendment 782 and was in accord with the § 3553(a) factors as originally analyzed by the sentencing court. In addition, the district court stated that, analyzing the § 3553 factors anew would result in the same sentence. The court noted that Hardy was responsible for a substantial quantity of a dangerous drug and that, absent some recognition

---

[*] Dillon v. United States, 560 U.S. 817 (2010). The Supreme Court described the "third" step of the Dillon analysis as follows: "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." Id. at 827.

of the § 851 notice, the resulting sentence would create sentencing disparities.  Hardy timely appealed.

This court "review[s] a district court's grant or denial of a § 3582(c)(2) motion for abuse of discretion. . . .  But the question of whether a court ruling on a § 3582(c)(2) motion must provide an individualized explanation is one of law that [this court] consider[s] de novo."  United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013) (citation omitted).  In deciding whether to grant a motion for a sentence reduction, the district court must first determine whether the defendant is eligible for the reduction, consistent with USSG § 1B1.10, p.s., and then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)," Dillon v. United States, 560 U.S. 817, 826 (2010), "to the extent that they are applicable," 18 U.S.C. § 3582(c)(2).  The court may also consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment" in determining whether, and to what extent, a sentence reduction is warranted.  USSG § 1B1.10, p.s., cmt. n.1(B)(iii).

In United States v. Legree, 205 F.3d 724 (4th Cir. 2000), we considered the adequacy of a district court's explanation in a § 3582(c)(2) proceeding.  Although Legree was eligible for a sentence reduction, the district court denied relief after

8

"describing [the] motion, recounting the history of Amendment 505, and observing that a court is not required to reduce a sentence under the Amendment." Id. at 728. Legree argued that "the district court erred by neglecting to undertake a two-prong analysis on the record when considering the motion for reduction of sentence," id. at 727-28, and in failing to "state on the record with sufficient specificity its reasons for denying the motion," id. at 729 n.3. We disagreed, holding that, "absent a contrary indication," it is presumed that the district court has considered the § 3553(a) factors and other "issues that have been fully presented for determination," and thus "[n]o greater specificity was required." Id. at 728-29 & n.3 (internal quotation marks omitted).

We concluded that the case had been fully presented for determination because the same district court that had denied Legree's § 3582(c)(2) motion had presided over his sentencing hearing, during which it had considered several mitigating factors. Id. at 729. We deemed it significant that Legree had not presented any additional mitigating factors when he submitted his sentence reduction motion. Id.; see also Smalls, 720 F.3d at 195-97, 199 (rejecting challenge to sufficiency of explanation when court reduced sentence to top of amended Guidelines range, stating only that it had considered § 3553(a) factors). In Smalls, this Court reemphasized "that, in the

9

absence of evidence a court neglected to consider relevant factors, the court does not err in failing to provide a full explanation for its § 3582(c)(2) decision." 720 F.3d at 196.

We conclude that here there is, in fact, evidence that the court neglected to consider relevant factors. Because Hardy presented plausible arguments as to the propriety of considering the § 851 notice as well as the application of the § 3553 factors and because the district court did not acknowledge these arguments and, in fact, stated that no such arguments had been made, the district court either overlooked Hardy's filing or made a mistake of fact in reading it. In addition, because the judge is not the same judge who presided over Hardy's original sentencing and because the memorandum addressed new issues not addressed at sentencing or in the original sentencing memorandum in the § 3582 motion, we find that the failure to provide more detailed reasoning prevents us from determining whether there was an abuse of discretion.

Thus, we vacate and remand to the district court for further proceedings consistent with this opinion. We deny Hardy's request for the assignment of a different judge on remand. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED