*582 GREGORY, Chief Judge,
dissenting:
I agree with the majority holding that a district court considering a motion under 18 U.S.C. § 3582(c)(2) may make additional findings on .the drug quantity attributable to. a defendant so long as the findings do not contradict earlier ones and are supported by the record. I disagree with the conclusion that the district court’s ruling that Peters is ineligible for a sentence reduction, without any individualized consideration of his relevant conduct, suffices as an additional drug quantity finding in this case.
Courts have a general duty to explain their reasoning. In the sentencing context, the court “should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.” United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (citations omitted). Citing Dillon v. United States, the majority highlights the “limited nature of § 3582(c)(2) proceedings” in comparison to ordinary sentencing proceedings. 560 U.S. 817, 825, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (explaining that § 3582(c)(2) “does not authorize a sentencing or resentencing proceeding”). But nothing in Dillon suggests that we should abrogate .district courts’ general responsibility to provide some individualized legal reasoning.
Indeed, the rationale for requiring courts to explain their sentencing decisions applies equally to § 3582(c) proceedings. Explaining sentencing decisions “not only ‘allow[s] for meaningful appellate review’ but it also ‘promote[s] the perception of fair sentencing.’ ” Carter, 564 F.3d at 328 (citing Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). This is especially true for sentence reductions made pursuant to a revised crack-cocaine ratio, which was enacted to correct structural flaws in the law, rather than to inure to the benefit of any single defendant. See, e.g., Kimbrough v. United States, 552 U.S. 85, 98, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (“[T]he severe sentences required by the [prior] 100-to-l ratio [we]re imposed ‘primarily upon black offenders.’ ”). Amendment 782 to the United States Sentencing Guidelines (“U.S.S.G.”) generally reduces by two levels the base offense levels assigned to the drug quantities described in U.S.S.G. § 2Dl.l(c) (U.S. Sentencing Comm’n Manual 2008). In cases where defendants seek redress from a flawed sentencing scheme, it would be even more valuable for the court to explain why that defendant was not eligible.
Nevertheless, the majority holds that district courts need not explain their reasoning with any particularity in sentencing modifications. Relying on this Court’s holdings in United States v. Degree, 205 F.3d 724 (4th Cir. 2000), and United States v. Smalls, 720 F.3d 193 (4th Cir. 2013), the majority presumes that the district court’s ruling that Peters is ineligible for a sentence reduction implicitly found that he was individually responsible for at least 25.2 kilograms of cocaine base.* Unlike the case before us, Legree and Smalls involved challenges to the district courts’ consideration of the 18 U.S.C. § 3553(a) factors— *583 the second, discretionary step of the § 3582(c)(2) inquiry.
The majority should be reluctant to apply such a broad presumption in eases where the defendant challenges the district court’s consideration of his eligibility for a sentence reduction — the first step of the inquiry. See Dillon, 560 U.S. at 826, 130 S.Ct. 2683 (“A court must first determine that a reduction is consistent with [U.S.S.G. § ] 1B1.10 before it may consider whether the authorized reduction is warranted ... according to the factors set forth in § 3553(a).’’). A judge is required to “explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications.” Gall, 552 U.S. at 46, 128 S.Ct. 586. Even in cases challenging the district court’s consideration of the § 3553(a) factors, like in Legree and Smalls, we cautioned that “a talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned de-cisionmaking or provide an adequate basis for appellate review.” Carter, 564 F.3d at 329. (citing United States v. Stephens, 549 F.3d 459, 466-67 (6th Cir. 2008)). The same must undoubtedly be true in cases where the district court must evaluate the defendant’s eligibility for a reduction.
Determining a defendant’s eligibility requires the court to calculate the drug quantity attributable to the defendant, see U.S.S.G. § 2D1.1; U.S.S.G. App. C, Amend. 782 (effective Nov. 1, 2014), which includes the quantities associated with the defendant’s offense of conviction and any relevant conduct, United States v. Flores-Alvarado, 779 F.3d 250, 255-56 (4th Cir. 2015), as amended (Mar. 11, 2015). The drug amount is “the factual predicate necessary for sentencing.” United States v. Collins, 415 F.3d 304, 313 (4th Cir. 2005). In Collins, we held that a defendant found guilty of a drug conspiracy should receive an individualized sentence, where the dis-tnct court considers the distribution of the amount of drugs “attributable to him” as opposed to the amount distributed by the entire conspiracy. Id. at 312. It seems axiomatic that a court considering a § 3582(c)(2) motion — particularly in a case where there is an obvious need for additional drug-quantity fact finding — must provide some individualized' explanation demonstrating its consideration of the defendant’s relevant conduct. To hold that the district court made such an important factual determination by, simply finding Peters ineligible for the reduction cuts against courts’ embedded responsibility to explain their decisions. I would therefore vacate and remand with instructions to the district court to provide a fuller explanation of its drug-quantity calculation.

 At the time Peters was sentenced, he received a base offense level of 38, which applied where the offense involved at least 4.S kilograms of' cocaine base. U.S.S.G. § 2D1.1(c)(1). Under Amendment 782, a base offense level of 38 applies where the offense involved at least 25.2 kilograms of cocaine base. Id.